COURTHOUSE SPACE FOR COURT OFFICERS The designation and allocation of courthouse space for court officers and courtrooms is a matter for the determination of the board of county commissioners subject, however, to the requirements of 19 O.S. 401 [19-401] and 19 O.S. 403 [19-403] (1971). There is no authority for using moneys from the Court Fund to rent, lease, purchase or build additional offices or courtroom space necessary for operation of the district courts, with the one exception that money from the Court Fund may be used to rent privately owned quarters for special judges in counties over 300,000 according to the latest federal census. This is to acknowledge receipt of your letter wherein you ask the following questions: "1. What government agency, group, or body has control of space allocation and usage in county courthouses in Oklahoma ? More specifically, does a presiding district judge, or any other district judge, have the authority and power to request or order an elected county official to vacate county courthouse space or offices to provide more room for courtrooms or other court related functions? Additionally, does a presiding district judge, or any other district judge, have the authority and power to order other county government functions — authorized to operate either by the Board of County Commissioners, other county officials, or by statute to vacate county courthouse space ? "2. Do county commissioners or other elected county officials have the authority to voluntarily vacate county courthouse space in favor of the district courts if said voluntary action results in additional costs to the taxpayers of their county? "3. Do the district courts, or the presiding judges of the district courts, have the authority to expend court funds from their share of the state court fund to rent, lease, purchase, or build additional offices or courtroom space necessary for operation of the district courts?" With reference to your first two questions, it is necessary to refer to certain statutes. Title 19 O.S. 339 [19-339] (1971) states in part: "They (board of county commissioners) shall have power: "First. To make all orders respecting the property of the county, . . ." Title 19 O.S. 401 [19-401] (1971), states: "In any county where there is no courthouse or jail erected by the county, or where those erected have not sufficient capacity, it shall be the duty of the board of county commissioners to provide for courtroom, jail, and offices for the following named officers: Sheriff, treasurer, register of deeds, district clerk, county clerk, county attorney, superintendent of public schools and county judge, to be furnished by the county in a suitable building or buildings, for the lowest rent to be obtained at the county seat, or to secure and occupy suitable rooms at a free rent within the limits of the county seat or any of the additions thereto, until such county builds a courthouse. They shall also provide the courts appointed to be held therein, with attendants, fuel, lights and stationery, suitable and sufficient for the transaction of their business. If the commissioners neglect, the court may order the sheriff to make such necessary provision, and the expenses incurred by him in carrying the order into effect, when certified by the court, shall be a county charge." Title 19 O.S. 403 [19-403] (1971), states: "It shall be the duty of the Board of County Commissioners to provide sufficient office space for the county election board in the county courthouse, or to provide sufficient office space in some public building near the courthouse, satisfactory to the county election board and to pay for necessary rental thereon and for electricity, heating and telephone service thereat." There have been previous opinions concerning the authority of the board of county commissioners with reference to courthouse space. Attorney General Opinion No. 63-304 dealt with the question of whether the county commissioners were required to provide courthouse space for abstract companies. That opinion held that since abstractors are not listed in 19 O.S. 401 [19-401] as the officers for which the county commissioners must provide space, there was no duty to provide them space. However, this opinion went on to say that, "the commissioners may provide such facilities as in their judgment may be necessary or expedient to effect a more efficient use of existing space in the county courthouse." In Attorney General Opinion addressed to James P. Whyte, dated March 24, 1955, questions were asked concerning the use of courthouse space. This opinion held that the county commissioners may rent courthouse space if it is not needed for county purposes. This opinion further held: "The Attorney General is of the opinion that such matters rest in the discretion of the Board of County Commissioners, and that the Board of County Commissioners has authority, in its discretion, to permit either private individuals or justices of the peace to use space in the county court house as above indicated." The above statutes, construed together, and taking into consideration previous Attorney General Opinions, indicate that the use of courthouse space is a matter for the determination of the board of county commissioners, and for the board alone, subject to the requirement that the board provide space for the county officers mentioned in 19 O.S. 401 [19-401] and 19 O.S. 403 [19-403]. Thus, it appears that the designation and allocation of courthouse space for county officers and for courtroom purposes is a matter for determination of the board of county commissioners alone, subject to the requirements of 19 O.S. 401 [19-401] and 19 O.S. 403 [19-403]. With reference to your third question concerning the use of court funds, it is necessary to look at 20 O.S. 1304 [20-1304] (1971), which states: "(a) Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county. Payment of the expenses may be made after the claim therefor is approved by the district judge who is a member of the governing board of the Court Fund and either the local court clerk or the local associate district judge who is a member of said governing board. "(b) The term 'expenses' shall include the following items and none others: "(1) principal and interest on bonds issued prior to January 1, 1968 (19 O.S. 771 [19-771] through 778 (1970), inclusive); "(2) compensation of bailiffs and part-time help; "(3) juror and witness fees and mileage, as well as overnight accommodation and food expense for jurors kept together as set out in 28 O.S. 81 [28-81] (1961) et seq., except that expert witnesses who appear on behalf of the State of Oklahoma shall be paid a reasonable fee for their services from the court fund; "(4) office supplies, books of record, postage and printing; "(5) furniture, fixtures and equipment; "(6) renovating, remodeling and maintenance of courtrooms, judge's chambers, clerk's offices and other areas primarily used for judicial functions; "(7) judicial robes; "(8) attorney's fees for indigents in the trial court and on appeal; "(9) transcripts ordered by the court; "(10) necessary telephone expenses; "(11) any other expenses now or hereafter expressly authorized by statute. "(c) No County Courthouse Building Commission shall be created after March 1, 1968, and no disbursements shall be permitted from any Court Fund under the provisions of 19 O.S. 771 [19-771] through 19 O.S. 778 [19-778] (1970), inclusive, except no County Courthouse Commissions created prior to March 1, 1968, provided, nothing in this act shall prevent the construction of additional courtrooms within existing courthouse facilities, from funds other than the Court Fund." A previous Attorney General Opinion, No. 71-296, held that moneys from the Court Fund cannot be used to rent office space for a judge's office in a building other than the courthouse. Section 1304, supra, sets out specifically the purposes for which the Court Fund may be used. The listed purposes are exclusive of all others. Nowhere in this section is there any authority to use the Court Fund moneys to rent, lease, purchase or build additional offices or room space. Therefore, as a general rule, Court Funds may not be used to rent, lease, purchase or build additional offices or courtroom space. However, 20 O.S. 1305 [20-1305] (1971) allows for the use of Court Funds to rent privately owned quarters in limited situations, to wit: for special judges in counties over 300,000 according to the latest census. This would be limited to Tulsa and Oklahoma Counties. This Section states: "No charge shall be made by any city or town in the state for the use of municipally owned quarters by a special judge. A majority of the governing board of the Court Fund may authorize the use of money from the Court Fund to rent privately owned quarters for special judges in counties of over three hundred thousand (300,000) according to the latest federal census." It is, therefore, the opinion of the Attorney General that your first and second questions be answered as follows: The designation and allocation of courthouse space for court officers and courtrooms is a matter for the determination of the board of county commissioners subject, however, to the requirements of 19 O.S. 401 [19-401] and 19 O.S. 403 [19-403] (1971). It is further the opinion of the Attorney General that your third question be answered in the negative. As a general rule, there is no authority for using moneys from the Court Fund to rent, lease, purchase or build additional offices or courtroom space necessary for operation of the district courts. However, moneys from the Court Fund may be used to rent privately owned quarters for special judges in counties over 300,000 population according to the latest federal census. (Todd Markum) ** SEE: OPINION NO. 76-352 (1976) **